Judge McWILLIAMS
concurs in part and dissents in part.
I dissent only from the majority’s determination that BAP erred in concluding *832 that Davis’ payments of $14,496.00 on June 80, 1993, and $30,000.00 on July 14, 1993, were to be applied to the indebtedness incurred in the May 24, 1993, transaction, and the majority’s remand to the bankruptcy court for further hearing concerning the allocation of Davis’ four payments to Groetken on his two debts to Groetken; i.e., the debt of $44,496.00 incurred in the May 24, 1993, transaction and the debt of $91,160.06 incurred in the May 26, 1993, transaction. In this connection, I would hold that on the record before it, BAP did not err in concluding that Davis’ payments to Groetken on June 30, 1993, and July 14, 1993, were to be applied on Davis’ debt incurred in the May 24, 1993 transaction, thereby extinguishing, to the last penny, that particular debt.
In the bankruptcy court, Davis testified, on direct examination, that he hand-delivered to Groetken his payment of July 14, 1993, and on that occasion advised Groetken that his two payments of June 30, 1993 and July 14, 1993, were to be applied on the indebtedness incurred as a result of his bounced check given in the May 24, 1993, transaction, and that he would “work on the rest of it.” In the bankruptcy court, Groetken did not recall any such conversation with Davis. Groetken did testify that he had borrowed money and paid his supplier of the cattle involved in the May 24, 1993, transaction and that he used the monies received from Davis’ June 30,1993, and July 14, 1993, payments to pay other of his various creditors, including a payment to his supplier of 127 head of cattle involved in the May 26, 1993, transaction.
In Standard Sur. & Cas. Co. of New York v. United States, 154 F.2d 335, 337 (10th Cir.1946), we declared that “[ujnder the federal rule, the debtor is entitled to direct to which one of several debts the payment is to be applied.” Davis testified, under oath, that he “directed” that his payments of June 30, 1993 and July 14, 1993, be applied on his indebtedness incurred in the May 24, 1993 transaction, which payments, totaling $44,496.00, would coincidentally extinguish the exact amount of his indebtedness incurred in the May 24, 1993, transaction; i,e., $44,496.00. In my view, Davis is bound by his testimony given in the bankruptcy court regarding the allocation of his payments of June 30, 1993 and July 14, 1993. Counsel’s suggestion in his brief in this court that the payments of June 30, 1993, and July 14, 1993, were to be applied to the indebtedness incurred in the May 26,1993, transaction, is foreclosed by Davis’ testimony in the bankruptcy court.